**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 04-1569

_____

UNITED STATES OF AMERICA ex rel. KURT V. WERNER,

                              Plaintiff - Appellant,

          versus

FUENTEZ SYSTEMS CONCEPTS, INCORPORATED; UNISYS CORPORATION; BAE SYSTEMS, INCORPORATED; PRC CORPORATION; AFFILIATED COMPUTER SYSTEMS, INCORPORATED; STG, INCORPORATED; ATS INCORPORATED; SIGNAL CORPORATION,

                              Defendants - Appellees,

          and

SYSTEMS RESOURCES CORPORATION; INET CORPORATION; GTE CORPORATION; SOZA CORPORATION; ADVANCED MANAGEMENT TECHNOLOGIES, INCORPORATED; BATTELLE MEMORIAL LABORATORIES, INCORPORATED; PIONEER SERVICES; DOE-ENTITY #1; JOHN DOE-ENTITY #2,

                              Defendants.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  W. Craig Broadwater, District Judge.  (CA-00-95-3)

_____

Argued:  October 27, 2004          Decided:  December 10, 2004

_____

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** Candace Smith McCall, Fairfax, Virginia, for Appellant. Charles F. Printz, Jr., BOWLES, RICE, MCDAVID, GRAFF & LOVE, P.L.L.C., Martinsburg, West Virginia; Richard J. Webber, ARENT FOX, P.L.L.C., Washington, D.C., for Appellees. **ON BRIEF:** Brian Michael Peterson, BOWLES, RICE, MCDAVID, GRAFF & LOVE, P.L.L.C., Martinsburg, West Virginia, for Appellee Fuentez Systems Concepts, Inc. Bonnie Lynne Kane, ARENT FOX, P.L.L.C., Washington, D.C., for Appellee UNISYS Corporation. Marc Fred Efron, J. Catherine Kunz, CROWELL & MORING, Washington, D.C., for Appellee BAE Systems, Inc. William W. Thompson, Jr., THOMPSON & WALDRON, Alexandria, Virginia, for Appellees PRC Corporation and Affiliated Computer Systems. Richard J. Conway, DICKSTEIN, SHAPIRO, MORIN & OSHINSKY, L.L.P., Washington, D.C., for Appellee SIGNAL Corporation. Edward Hyun Dong Kim, Kenneth John Ingram, WHITEFORD, TAYLOR & PRESTON, Washington, D.C., for Appellee STG, Incorporated. Daniel Bernard Abrahams, Constance Angela Wilkinson, EPSTEIN, BECKER & GREEN, P.C., Washington, D.C., for Appellee ATS, Incorporated.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

2

PER CURIAM:

Kurt Werner appeals the district court's grant of summary judgment in favor of Appellees in his action under the False Claims Act, 31 U.S.C. §§ 3729-3733 (2000). Werner's complaint alleged that the Appellees, who were contractors providing computer services at the Coast Guard's Operations Systems Center in Martinsburg, West Virginia ("OSC"), engaged in a practice of including time lost due to base closures or spent at training seminars and social events as time worked by employees on their invoices. In response, the Appellees asserted that officials at OSC responsible for overseeing their contracts knew of and approved of these practices. Following discovery, the district court granted summary judgment in favor of the Appellees.

We review the district court's grant of a motion for summary judgment de novo. Castillo v. Emergency Med. Assocs., P.A., 372 F.3d 643, 646 (4th Cir. 2004). In granting summary judgment, the district court found that the facts adduced by the parties demonstrated that the Appellees were entitled to the "government knowledge" defense. See, e.g., United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 288 (4th Cir. 2002). In Becker, we held that where

> the government knows and approves of the particulars of a claim for payment before that claim is presented, the presenter cannot be said to have knowingly presented a fraudulent or false claim. In such a case, the government's knowledge effectively negates the fraud or falsity required by the FCA.

3

<u>Becker</u>, 305 F.3d at 289 (internal quotations omitted).

Despite ample evidence that the Appellees discussed the billing practices in question with the OSC officials responsible for managing their contracts, Werner asserts that the district court erred on several grounds. Werner reiterates his argument that Appellees impermissibly sought recovery under their contracts for hours not actually worked, that Appellees failed to disclose to the contracting officers information necessary to give rise to the "government knowledge" defense, and that the OSC officials lacked the authority necessary to authorize the billing practices that Werner claims are fraudulent.

After reviewing the parties' briefs, the voluminous joint appendix, and having had the benefit of oral argument, we find that the district court correctly addressed and resolved all of the issues raised. We therefore affirm on the basis of its well reasoned opinion.

<u>AFFIRMED</u>